# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Theodore J. Bolick, | ) | C/A No. 4:11-2924-RBH-KDW |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| John Rhodes, *Mayor of Myrtle Beach*; Warren Gall, *Chief of Myrtle Beach Police*; Sargeant Hardee; Officer K. Harlow; Officer M. Bland; Officer Nicholas Owens, | ) | |
| Defendants. | ) | |

This civil rights case was filed with the Horry County Court of Common Pleas on October 19, 2011, and was removed to this court on October 26, 2011. Before the court is the pro se Plaintiff's motion for preliminary injunction and temporary restraining order (TRO). ECF No. 14. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

In his motion for preliminary injunction and TRO, Plaintiff seeks the court's order "preventing Myrtle Beach Police from retaliating against [him]." ECF No. 14 at 1. Plaintiff contends Myrtle Beach Police Officers Treitler and Gibson, as well as an unidentified officer, retaliated against him for filing the instant suit. *Id.* He claims these officers falsely arrested him on October 22, 2011. *Id.* He further claims Officer John Gambone and two unidentified officers arrested him on October 24, 2011, again in retaliation for filing this suit. *Id.* at 2. Plaintiff submits he is entitled to the injunction and TRO he seeks because the officers are

violating his constitutional rights. *Id.* at 2-3. He seeks an order preventing all Myrtle Beach police officers from coming within 50 feet of him. *Id.* at 3.

Defendants oppose Plaintiff's motion, arguing he has not demonstrated entitlement to an injunction. ECF No. 18. The undersigned agrees.

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

Defendants submit Plaintiff cannot establish the required factors, and they set out in detail why his claims would not likely succeed on the merits. *See* ECF No. 18. Defendants also argue the public interest could not be served by requiring officers to keep a certain distance from a particular individual at all times. *Id.* at 12.

The undersigned finds Plaintiff's motion for injunctive relief must fail and recommends denying his motion. Plaintiff only generally claims he should receive the requested equitable relief. He does not discuss any of the factors *Winter* requires that he prove. He has not explained the irreparable harm he believes he will suffer absent the relief, nor has he shown that he is likely to succeed on the merits. Further, he does not reference the public interest at all.

Plaintiff has failed to establish the elements necessary to demonstrate the need for a preliminary injunction. Based on the foregoing, it is recommended that Plaintiff's motion for a preliminary injunction and TRO (ECF No. 14) be denied.

IT IS SO RECOMMENDED.

April 10, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**