UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Theodore J. Bolick,<br><br>               Plaintiff,<br><br>vs.<br><br>John Rhodes, Mayor of Myrtle Beach;<br>Warren Gall, Chief of Myrtle Beach<br>Police; Sergeant Hardee; Officer K.<br>Harlow; Officer M. Bland; Officer<br>Nicholas Owens,<br><br>               Defendants. | C/A No. 4:11-2924-RBH-KDW<br><br><br>REPORT AND RECOMMENDATION |

Plaintiff, a former state pretrial detainee proceeding pro se, filed his Complaint in state court under the South Carolina Tort Claims Act (SCTCA).[1] Defendants removed the action to federal court pursuant to the provisions of 28 U.S.C. § 1441 because Plaintiff asserted claims arising under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. ECF No. 1. Plaintiff is not currently incarcerated. This matter is before the court on Defendants' Motion for Summary Judgment filed on March 23, 2012. ECF No. 36. As Plaintiff is proceeding pro se, the court entered a *Roseboro*[2] order on March 26, 2012, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 37. Plaintiff responded to Defendants' Motion for Summary Judgment on May 29, 2012. ECF No. 51. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local

---

[1] Although Plaintiff filed his Complaint under the SCTCA, his Complaint contained no causes of action related to that Act. However, Plaintiff does raise claims that fall under 42 U.S.C. § 1983.
[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

Rule 73.02(B)(2)(d) and (e), D.S.C.[3] Because this motion is dispositive, a Report and Recommendation is entered for the court's review.

I.    Factual and Procedural Background

Plaintiff filed his Complaint in the Horry County Court of Common Pleas on October 19, 2011, and it was subsequently removed to this court on October 26, 2011. ECF No. 1. In his Complaint, Plaintiff alleges that he was arrested and incarcerated in violation of his constitutional rights, and that he was improperly denied a preliminary hearing. ECF No. 1-1. More specifically, Plaintiff sets forth the following: On the morning of June 7, 2011, he heard a loud crash at his front door. Bolick Aff. ¶ 2, ECF No. 51-4. Plaintiff contends that he leaned against the door to keep it from opening, and as another loud smash splintered his door, he grabbed a shovel from the front closet to defend himself. *Id.* Plaintiff alleges that "another loud crash splintered [his] door open" and Kendrick Pringle ("Pringle") came into his room swinging a baseball bat that hit Plaintiff's left shoulder. *Id*. Plaintiff then contends that he hit Pringle in the face with the shovel and that Pringle threw the bat at Plaintiff. *Id*. The bat bounced off Plaintiff, hit the door, and fell into the parking lot. *Id.* Plaintiff then "stabbed Mr. Pringle in the chest area with the shovel," and Pringle left his residence. *Id.*

While Pringle was standing outside Plaintiff's door with the bat, one of Plaintiff's neighbors, William Shaltes ("Shaltes"), came out of his residence and saw Pringle. Shaltes states that Pringle told Shaltes to go back to his residence "because he didn't need no witnesses." Shaltes Statement, ECF No. 51-3. Shaltes then observed Plaintiff opening his door with a shovel in his hand and both men proceeded to taunt each other. *Id.* Shaltes saw Pringle throw the baseball bat at Plaintiff, which Plaintiff dodged, and then saw Plaintiff hit Pringle in the face

---

[3] On January 1, 2012, this matter was reassigned from United States Magistrate Judge Shiva V. Hodges to the undersigned. ECF No. 28.

with the shovel and Pringle leave the building. *Id.* During this same time period, an unidentified male, later identified as Plaintiff's neighbor Bryan Allen, called 911 and complained of a black male swinging a baseball bat at people on the third floor.[4] Recording of 911 call, ECF No. 51-1.

Plaintiff alleges that after Pringle left, Katrisha[5] Brandenburg ("Brandenburg"), came to his door and asked to come in the residence. Bolick Aff. ¶ 3, ECF No. 51-4. Plaintiff contends that he refused her request, but asked to use her mobile phone to call the police. *Id.* Brandenburg refused to let Plaintiff use her phone and left his residence to join Pringle downstairs. *Id.* Defendants Sergeant Hardee, Officer Nicholas Owens, and Officer K. Harlow arrived on the scene shortly thereafter in response to a report of a black male swinging a baseball bat. Case Supplemental Report 1, ECF No. 36-2. Upon the officers' arrival, bystanders advised Defendants Owens and Harlow that Pringle, whose face was bleeding from being hit by Plaintiff, was the subject black male. *Id.* Defendants Harlow and Owens were advised that Plaintiff injured Pringle, and the officers went to Plaintiff's residence where Defendant Owens placed Plaintiff in handcuffs and questioned him about the incident. *Id.*; Bolick Aff. ¶ 6, ECF No. 51-4. While Plaintiff was speaking with the officers, Shaltes approached Defendants Harlow and Owens and informed them that he saw Pringle standing outside Plaintiff's door with a baseball bat, observed Pringle throw the bat at Plaintiff, and saw Plaintiff hit Pringle with a shovel. *See* Shaltes Statement, ECF No. 51-3; Bolick Aff. ¶ 6, ECF No. 51-4. Shaltes explained that after Pringle left the building a white female approached Plaintiff's door and spoke quietly to Plaintiff and then left Plaintiff and joined Pringle in the parking lot. Shaltes Statement, ECF No. 51-3. Officers placed Plaintiff in the patrol car while they interviewed Pringle and Brandenburg. Compl. 3, ECF No. 1-1; Bolick Aff. ¶ 9, ECF No. 51-4.

---

[4] Plaintiff's residence was located on the third floor. ECF No. 51-5.
[5] Ms. Brandenburg spells her first name Catrisha. *See* Brandenburg Statement, ECF No. 36-8.

3

Pringle, the alleged victim, told the officers that he received a call from a friend asking for help, and that he went to Plaintiff's residence and knocked on the door. Incident Report, ECF No. 36-7 at 2. Pringle stated that he told Plaintiff that he was there to get his friend, and that Plaintiff "who was already throwing things around the apartment" picked up a shovel and hit him on his arm and across his face. *Id.* Pringle told the officers that he did not hit Plaintiff and that once Plaintiff hit him, he went back downstairs. *Id.* at 3. Officers Owens and Harlow also interviewed Brandenburg who stated that she went to Plaintiff's residence to collect her friend's wheelchair, but Plaintiff was hesitant to return it. Brandenburg Statement, ECF No. 36-8. Brandenburg stated that when she tried to leave, Plaintiff pulled her back into the room by force and she called Pringle and told him "she was in trouble." *Id*. Brandenburg contends that Pringle came to Plaintiff's house and Plaintiff pulled out a knife, then threw it down, picked up a shovel and hit Pringle in the face several times. *Id.* Brandenburg stated that Plaintiff then told her to leave. *Id.* Based on their investigation, Defendants Owens and Harlow determined that Plaintiff "was the primary aggressor of the incident" and they arrested Plaintiff and charged him with assault/second degree assault. Defs.' Mem. 13, ECF No 36-1. Municipal Judge Altman subsequently issued a warrant for Plaintiff's arrest. Warrant, ECF No. 36-10.

Plaintiff was detained in the J. Reuben Long Detention Center, and despite his written request for a preliminary hearing, was denied a hearing. Compl. 4, ECF No. 1-1. Plaintiff's charges were *nolle prossed* on July 26, 2011, and he was released. *See* Dismissal/Nolle Prosse Form, ECF No. 36-6. However, while he was detained "Plaintiff lost his place of residence and all his personal belongings with any monetary value." Compl. 4, ECF No. 1-1. Additionally Plaintiff asserts that his car, which contained his tools, was stolen from the parking lot at his residence. *Id.* When he attempted to file a stolen vehicle report, Plaintiff alleges that Defendant

4

Harlow refused to file a report and "wrongfully informed plaintiff that his vehicle had been towed to a towing company." *Id.* at 5.

Plaintiff filed a Complaint with the following causes of action pursuant to the South Carolina and U.S. Constitutions:  (1) due process and equal protection violations against Defendants John Rhodes, Mayor of North Myrtle Beach, and Warren Gall, Chief of Myrtle Beach Police,  for failure to adequately train and supervise police officers; (2) due process and illegal search and seizure against Defendant Officer M. Bland for false arrest claims; (3) due process against Defendant Harlow for false arrest claims; and (4) due process against Defendant Owens for false arrest claims. Compl. 5-6, ECF No. 1-1. Plaintiff seeks $40,000 in compensatory damages, $20,000 in punitive damages, costs, and injunctive relief.  *Id.* at 6.

II.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

5

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

  III.    Analysis

    A. Due Process[6]

In his Complaint, Plaintiff contends that Defendants Rhodes and Gall violated his due process rights when they failed to "adequately train and supervise police officers Owens, Harlow, Bland [and] Hardee . . . after having been informed of numerous constitutional violations by police officers on the force previously on numerous occasions." Compl. 5, ECF No. 1-1. Defendants contend that they are entitled to summary judgment on this claim because

---

[6] The court construes Plaintiff's Fifth Amendment due process claims as claims brought pursuant to the Fourteenth Amendment which is applicable to state actors. In his Complaint, Plaintiff asserted due process claims against Defendant Harlow for failure to "properly investigate and review the evidence before being a party to Plaintiff's false arrest." Compl. 5, ECF No. 1-1. Plaintiff also contends that Defendant Owens violated Plaintiff's due process rights when he "intentionally ignored exculpatory evidence and statements" and "maliciously made false statements in an affidavit to have Plaintiff charged with a crime." *Id.* at 6. Although couched as due process claims, the allegations made by Plaintiff are more appropriately construed as false arrest claims and are addressed by the undersigned in the Search and Seizure section of this report.

6

Plaintiff's "sole allegation of injury to his due process rights was the alleged denial of a preliminary hearing," and Defendants did not personally deprive Plaintiff of his right to a hearing. *See* Defs.' Mem. 6-8, ECF No. 36-1.  In response to this argument, Plaintiff contends that Defendants Gall, Hardee, and Bland "failed to properly train and supervise Defendants Owens and Harlow prior to the incident and throughout this incident although it is their delegated duty to do so." Pl.'s Opp'n 7, ECF No. 51.  Plaintiff also argues that Defendant Rhodes failed to ensure that all police officers were properly trained and supervised, and that this failure resulted in Plaintiff's false arrest and incarceration.  *Id.*

Although Plaintiff's Complaint contains allegations regarding his denial of a preliminary hearing in the "Statement of Claim" section, there are no references to the preliminary hearing in the section labeled "Cause of Action." Compl. 2-6, ECF No. 1-1.  Additionally, in his response to Defendants' Motion, Plaintiff indicated that he is not pursuing a claim against Defendants for denial of a preliminary hearing. Pl.'s Opp'n 8-9, ECF No. 51.  The undersigned has reviewed Plaintiff's Complaint, his opposition to Defendants' Motion, and the relevant exhibits and attachments, and finds that Plaintiff has not asserted any additional facts, other than the denial of a preliminary hearing, that could support a due process claim against Defendants.  Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment as to Plaintiff's due process claims be granted.

Even if the court were to construe Plaintiff's claim broadly as a claim for negligent supervision under 42 U.S.C. § 1983 or South Carolina state law, Defendants would still be entitled to summary judgment. Plaintiff's claims against Defendants Rhodes, Gall, Hardee, and Bland, at most, are assertions that these Defendants were negligent.  Negligence is not actionable under § 1983 because that section is only intended to remedy intentional deprivations of

constitutional rights. *See Daniels v. Williams*, 474 U.S. 327 (1986). Under South Carolina law, "an employer may be liable for negligent supervision if the employee intentionally harms another when the employee: (1) is upon the premises of the employer . . .; (2) the employer knows or has reason to know that he has the ability to control his employee; and (3) the employer knows or should know of the necessity and opportunity for exercising such control." *Charleston, S.C. Registry for Golf and Tourism, Inc. v. Young Clement Rivers & Tisdale, LLC*, 598 S.E.2d 717, 722-23 (S.C. Ct. App. 2004). The undersigned finds that Plaintiff has failed to offer any evidence that Defendants Rhodes, Gall, Hardee, and/or Bland knew, or should have known, that Defendants Owens and Harlow were purportedly acting unlawfully when Plaintiff was arrested. As such, the undersigned recommends that, to the extent that Plaintiff has asserted negligent supervision claims, that these claims be dismissed.

    B. Equal Protection

Plaintiff also asserted equal protection claims against Defendants Rhodes and Gall pursuant to the First and Fourteenth Amendments of the United States Constitution for failure to adequately train and supervise Defendants Owens and Harlow. Compl. 5, ECF No. 1-1. Defendants contend they are entitled to summary judgment on Plaintiff's First Amendment claim because Plaintiff has not alleged facts that implicate the First Amendment. Defs.' Mem. 9, ECF No. 36-1. Plaintiff did not respond to this argument in his memorandum opposing Defendants' summary judgment motion. The undersigned finds that Plaintiff has not articulated any facts that would support a claim under the First Amendment, and therefore recommends that Defendants be granted summary judgment on this claim.

Defendants further argue that they are entitled to summary judgment on Plaintiff's Fourteenth Amendment claim because Plaintiff "has not shown that he was arrested due to his

8

being a member of a suspect class." *Id.* at 10.  In response to this argument, Plaintiff contends that Defendants have "prevented Plaintiff from having [Pringle and Brandenburg] prosecuted for the serious felony crimes committed against Plaintiff."  Pl.'s Opp'n 8, ECF No. 51.  To succeed on an equal protection claim under the Fourteenth Amendment, Plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). "If [he] makes this showing, 'the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny.'" *Veney v. Wyche*, 293 F.3d 726, 731 (4th Cir. 2002) (quoting *Morrison*, 239 F.3d at 654).  The undersigned finds that Plaintiff has not submitted any evidence to show that he was arrested, as opposed to Pringle or Brandenburg, because of intentional or purposeful discrimination.  Accordingly, it is recommended that Defendants' motion for summary judgment be granted on this claim.

      C.  Search and Seizure

Plaintiff argues that Defendant Bland's failure to "properly review the reports, statements, and evidence" resulted in Plaintiff being falsely arrested and charged with assault. Compl. 5, ECF No. 1-1. Plaintiff also contends that Defendant Harlow "failed to properly investigate and review the evidence before being a party to Plaintiff's false arrest." *Id.* Plaintiff further argues that Defendant Owens "intentionally ignored exculpatory evidence and statements made at the scene of the incident and maliciously made false statements in an affidavit to have Plaintiff charged with a crime." *Id.* at 6.

"The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v.*

9

*City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996); *see also Malley v. Briggs*, 475 U.S. 335 (1986).  "A plaintiff's allegations that police seized him 'pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor are sufficient to state a . . . claim alleging a seizure that was violative of the Fourth Amendment.'" *Miller v. Prince George's Cnty., Md.*, 475 F.3d 621, 627 (4th Cir. 2007) (internal citation omitted).

To succeed on his false arrest claim, Plaintiff must prove that Defendants deliberately or with a "reckless disregard for the truth" made material false statements in the affidavit supporting the warrant application, or omitted from that affidavit "material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990) (internal citations omitted). "'Reckless disregard' can be established by evidence that an officer acted 'with a high degree of awareness of [a statement's] probable falsity,' that is, 'when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.'" *Miller*, 475 F.3d at 627. "With respect to omissions, 'reckless disregard' can be established by evidence that a police officer 'failed to inform the judicial officer of facts [he] knew would negate probable cause.'" *Id.*  To violate the Constitution, the false statements or omissions must be "material," that is, "necessary to the [neutral and disinterested magistrate's] finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978). "To determine materiality, a court must 'excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause.'"  *Miller*, 475 F.3d at 628.  "If the 'corrected' warrant affidavit establishes probable cause, no civil liability lies against the officer." *Id.*

Defendants argue that they are entitled to summary judgment on this claim because probable cause existed to arrest Plaintiff. Defs.' Mem. 13, ECF No. 36-1. Defendants further argue that a neutral magistrate judge found probable cause to issue the arrest warrant, and therefore they should be relieved of any liability. *Id.* In opposition to Defendants' motion, Plaintiff argues that Defendants Owens and Harlow "concealed exculpatory evidence and made false statements in obtaining an arrest warrant for Plaintiff." Pl.'s Opp'n 9, ECF No. 51. Plaintiff argues that Defendants concealed "the overwhelming evidence that he was acting in self-defense" when:

- Defendants Owens and Harlow refused to disclose that Plaintiff had been assaulted or disclose the injuries Plaintiff sustained in the confrontation;

- Defendants Owens and Harlow refused to include in their reports that all evidence showed Plaintiff lived alone at the time of the incident;

- Defendants Owens and Harlow refused to include in their reports the damage inflicted on Plaintiff's door by Pringle while Pringle was "breaking into" Plaintiff's place of residence;

- Defendants Owens and Harlow refused to confirm the existence of the purported friend who Pringle and Brandenburg alleged to have been helping move from Plaintiff's residence, or identify what items they alleged were to be moved;

- Defendant Owens deleted from his incident report the fact that the officers were called to the scene in response to a black male swinging a baseball bat;

- Defendant Owens falsely swore in an affidavit before the magistrate that Plaintiff "was the aggressor and had committed felonious assault."

Pl.'s Opp'n 6, ECF No. 51.

The affidavit provided in support of the arrest warrant, quoted verbatim, stated:

On 6-7-2011 the affiant responded to 2608 S. Ocean Blvd, the Wispering Surf Hotel, located within the city limits of Myrtle Beach, SC. Upon arriving on the scene the affiant observed the victim covered in blood and with several lacerations on his face. The victim told affiant that he went to the defendants room to help a friend move. The victim stated that defendant became really upset with him and attacked him with a shovel. The victim told the affiant that the

11

> defendant hit him in the face with the shovel. Being that the defendant did unlawfully injure the victim causing moderate injuries, therefore, there is probable cause to believe that the defendant did commit the offense of Assault and Battery, 2nd Degree, S.C. Code – 16-03-0600 (D1).[7]

ECF No. 51-7 at 16.

The undersigned has reviewed the challenged warrant, incident reports, and witness statements related to the assault charge and finds that the following information, not included in the warrant, was within Defendants Harlow and Owens's knowledge at the time the warrant application was completed and may have negated a finding of probable cause: (1) that the officers arrived at the scene in response to a black male, later identified as Pringle, swinging a baseball bat; (2) that Pringle was not at Plaintiff's residence to help a friend move, but instead came to Plaintiff's residence in response to a friend's telephone call for help; (3) that Pringle knocked on Plaintiff's door, armed with a baseball bat; and (4) that Pringle threw or swung the bat at Plaintiff prior to Plaintiff's striking him with the shovel.

Taking this evidence in the light most favorable to Plaintiff, the undersigned is of the opinion that a reasonable jury could conclude that the affidavit submitted by Defendants Harlow and Owens[8] contained misrepresentations and/or omissions made deliberately or with reckless

---

[7] South Carolina Code §16-03-0600(D1) provides that: "A person commits the offense of assault and battery in the second degree if the person unlawfully injures another person, or offers or attempts to injure another person with the present ability to do so, and: (a) moderate bodily injury to another person results or moderate bodily injury to another person could have resulted."

[8] Although the affidavit is signed only by Defendant Owens, there is no evidence in the record to challenge Plaintiff's argument that Defendant Harlow and Owens "concealed exculpatory evidence and made false statements" in the preparation of the affidavit. The Fourth Circuit has found that 42 U.S.C. § 1983 "allows the imposition of liability upon actors more remote than those who actually inflict the ultimate constitutional injury, where their own conduct can be said to have played a significant role in 'causing' that injury." *Cook v. James*, 100 F. App'x 178, 180-81 (4th Cir. 2004). Viewing the evidence in the light most favorable to Plaintiff, the undersigned cannot find as a matter of law that Defendant Harlow does not have any liability for Plaintiff's false arrest claim.

disregard for "whether they thereby made[ ] the affidavit misleading." *Colkley*, 899 F.2d at 300 (internal quotation marks omitted); *see also Franks*, 438 U.S. at 164. Additionally, viewing the evidence in the light most favorable to Plaintiff supports a finding that Defendants Harlow and Owens "when viewing all the evidence . . . must have entertained serious doubts as to . . . the accuracy of the information [they] reported." *Miller*, 475 F.3d at 629 (internal citation omitted). Furthermore, the misrepresentations and omissions are material; an affidavit containing the omitted material and stripped of all misrepresentations would have asked the magistrate to issue a warrant for the arrest of Plaintiff for second degree assault when Plaintiff, at a minimum, was not the "primary aggressor" in the parties' confrontation. The undersigned finds that it is a question of fact whether a neutral and disinterested magistrate judge would have found probable cause existed to issue an arrest warrant for Plaintiff. Therefore, the undersigned recommends that Defendants' Motion for Summary Judgment on Plaintiff's false arrest claim be denied as to Defendants Harlow and Owens. *See Willingham v. Crooke*, 40 F. App'x 850, 852 (4th Cir. 2002) (finding it appropriate to submit the question of probable cause to a jury when genuine factual issues exist regarding whether there was probable cause for arrest). Because Plaintiff has not alleged that Defendants Rhodes, Gall, Hardee, and Bland were personally involved in his arrest, the undersigned recommends granting summary judgment to these Defendants on Plaintiff's false arrest claim. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under §1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.'").

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 36, be granted in part and denied in part. Specifically, it is recommended

that Defendants' motion be GRANTED on Plaintiff's due process and equal protection claims against Defendants Rhodes, Gall, Hardee and Bland for failure to adequately train and supervise police officers; GRANTED on Plaintiff's due process and illegal search and seizure claims against Defendant Bland for false arrest; and GRANTED on Plaintiff's constitutional false arrest claim against Defendants Rhodes, Gall, and Hardee. The undersigned recommends that Defendants' motion be DENIED on Plaintiff's constitutional false arrest claim as to Defendants Owens and Harlow.

IT IS SO RECOMMENDED.

February 7, 2013                                                    Kaymani D. West
Florence, South Carolina                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**