IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Theodore J. Bolick, | ) | Civil Action No.: 4:11-cv-02924-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| John Rhodes, Mayor of Myrtle Beach; Warren Gall, Chief of Myrtle Beach Police; Sergeant Hardee; Officer K. Harlow; Officer M. Bland; Officer Nicholas Owens, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Thedore J. Bolick ("Plaintiff"), a former state pretrial detainee proceeding *pro se*, filed his Complaint in state court alleging violations under the U.S. Constitution and under the South Carolina Constitution. On March 23, 2012, Defendants filed their Motion for Summary Judgment, along with a memorandum in support. Plaintiff filed his Response on May 29, 2012.

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West.[1] [R&R, Doc. # 53.] In the R&R, the magistrate recommends that the Court grant in part, and deny in part Defendants' Motion for Summary Judgment. Plaintiff did not object to the R&R, though Defendants filed Objections on February 15, 2013. [Obj., Doc. # 56.]

For the following reasons, the Court rejects the R&R in part, and adopts the R&R as modified herein. Specifically, the Court rejects and overrules the magistrate's R&R as to Plaintiff's constitutional "false arrest" claim, and adopts the magistrate's R&R as to the remaining claims.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge West for pretrial handling.

**Relevant Background**[2]

On June 7, 2011, at 6:30 a.m., Kendrick Pringle ("Pringle") and Plaintiff got into an altercation after Pringle went to Plaintiff's apartment. Certain witnesses claimed that during the altercation, Pringle swung or threw a baseball bat at Plaintiff, and thereafter Plaintiff struck Pringle with a shovel. Someone in the apartment building called 911 to complain about a man swinging a baseball bat. Defendants Owens and Harlow, both law enforcement officers, arrived on the scene and observed that Pringle was injured. After interviewing the parties involved and investigating the scene, Defendants Owens and Harlow determined that there was probable cause to arrest Plaintiff for second-degree assault and battery.

The officers detained Plaintiff and ultimately obtained an arrest warrant from a municipal judge on the basis of the following affidavit, signed by Defendant Owens:

> On 6-7-2011 the affiant responded to 2608 S. Ocean Blvd, the Whispering Surf Hotel, located within the city limits of Myrtle Beach, SC. Upon arriving on the scene the affiant observed the victim covered in blood and with several lacerations on his face. The victim told affiant that he went to the defendants room to help a friend move. The victim stated that defendant became really upset with him and attacked him with a shovel. The victim told the affiant that the defendant hit him in the face with the shovel. Being that the defendant did unlawfully injure the victim causing moderate injuries, therefore, there is probable cause to believe that the defendant did commit the offense of Assault and Battery, 2nd Degree, S.C. Code – 16-03-0600 (D1).

[*See* Arrest Warrant, Doc. # 51-7, at 16.] According to an affidavit from the assistant solicitor assigned to the case, the criminal charges were dismissed after Pringle failed to respond to communications from the officers and the solicitor's office.

---

[2] The facts of this case, including citations to the record, are discussed more thoroughly in the magistrate's R&R. [*See* R&R, Doc. # 53, at 1–5.]

**Standard of Review**

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

**Discussion**

Defendants Owens and Harlow object[3] to the magistrate's recommendation that this Court deny Defendants' Motion for Summary Judgment as to Plaintiff's constitutional "false arrest" claim.[4] The Court reverses the magistrate's holding on this issue because, as discussed below, Defendants Owens and Harlow are entitled to qualified immunity.[5]

---

[3] Defendants do not object to the remaining portions of the R&R, and Plaintiff has failed to file objections to the R&R. Thus, with the exception of the issues discussed herein, the Court has reviewed the magistrate's findings for clear error and adopts the remaining portions of the R&R for the reasons stated by the magistrate.

[4] Plaintiff alleges that certain Defendants were a party to his "false arrest," and in a separate paragraph Plaintiff also alleges that certain Defendants made false statements in the warrant affidavit causing a magistrate judge "to have a warrant falsely issued." [Compl., Doc. # 1-1.] The magistrate, without objection from any party and in keeping with her duty to liberally interpret *pro se* pleadings, construed Plaintiff's "false arrest" claim as a Section 1983 claim alleging a violation of the Fourth Amendment to the U.S. Constitution. In several cases, the Fourth Circuit has held that under either Section 1983 or South Carolina law, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant. At most, such an official can be pursued through a cause of action for malicious prosecution." *Dorn v. Town Of Prosperity*, 375 Fed. App'x 284, 285–87 (4th Cir. 2010) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996)); *see also Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998). However, the Fourth Circuit appears to have distinguished these types of "false arrest" claims from a federal constitutional claim alleging that "a Fourth Amendment seizure [by state law enforcement officers] was unreasonable because it followed from a warrant affidavit that was deficient because it was dishonest." *Miller v. Prince George's Cnty.*, 475 F.3d 621, 627, 630 n.5 (4th Cir. 2007) (affirming district court's grant of summary judgment as to Plaintiff's false arrest claims, but finding that summary judgment was inappropriate on Plaintiff's Fourth Amendment claims alleging that officers seized him pursuant a warrant containing material misrepresentations and omissions). Here, the Complaint used the term "false arrest," but it also discussed federal constitutional errors in the warrant affidavit.

[5] The Fourth Circuit has indicated that a district court should consider a qualified immunity issue "at the earliest possible stage in litigation." *Carr v. Deeds*, 453 F.3d 593, 600 (4th Cir. 2006) (quoting *Saucier v. Katz*, 533 U.S. 194, 200–201 (2001)). "Because qualified immunity is an immunity from suit rather than merely a defense to liability, such immunity effectively is lost if a court erroneously permits a case to proceed to trial." *Meyers v. Baltimore Cnty.*, ---- F.3d ----, 2013 WL 388125, at *5 (4th Cir. 2013) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). However, although this Court has evaluated this claim using the qualified

Plaintiff's Complaint, as liberally construed by the magistrate, asserts a cause of action under 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights – an allegation that Defendants Owens and Harlow had no probable cause to arrest Plaintiff because they made misleading statements or omissions in the arrest warrant's supporting affidavit.

**I.     Applicable Law**

The Fourth Circuit and other courts have held that the standard set forth in *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978), established with respect to criminal suppression hearings regarding arrest warrant affidavits, also defines the scope of qualified immunity in these types of cases. *Smith v. Reddy*, 882 F. Supp. 497, 499 (D. Md. 1995), *aff'd*, 101 F.3d 351 (4th Cir. 1996) (citing *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995)); *see also Miller v. Prince George's Cnty.*, 475 F.3d 621, 627 (4th Cir. 2007); *Golino v. City of New Haven*, 950 F.2d 864, 871 (2d Cir. 1991); *Magnotti v. Kuntz*, 918 F.2d 364, 368 (2d Cir. 1990)). Thus, in the Fourth Circuit, the qualified immunity inquiry for Plaintiff's Section 1983 action therefore becomes whether "(1) [Plaintiff] makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included [or omitted] by the affiant in a warrant affidavit, and (2) [Plaintiff] shows that the false information was essential to the probable cause determination." *Smith*, 882 F. Supp. at 499 (quoting *Simmons*, 47 F.3d at 1382).

"'Reckless disregard' can be established by evidence that an officer acted 'with a high degree

---

immunity framework, the Court also notes that an arrest based on probable cause, as exists in this case, cannot result in a constitutional violation. *McKinney v. Richland Cnty. Sheriff's Dep't*, 431 F.3d 415, 418 (4th Cir. 2005). As has been explained by another district court within the Fourth Circuit "[t]here is support for the position that in the absence of a constitutional violation, a defendant prevails not because of qualified immunity but because the plaintiff has failed to demonstrate an essential element of a Section 1983 claim. In any event, the result is the same here." *Swick v. Wilde*, No. 1:10–cv–303, 2012 WL 3780350, at *9 n.15 (M.D.N.C. Aug. 31, 2012) (citing *Henry v. Purnell*, 501 F.3d 374, 377 n.2 (4th Cir. 2007)).

of awareness of [a statement's] probable falsity,' that is, 'when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.'" *Miller*, 475 F.3d at 627. "With respect to omissions, 'reckless disregard' can be established by evidence that a police officer 'failed to inform the judicial officer of facts [he] knew would negate probable cause.'" *Id.* "'The mere fact that the affiant did not list every conceivable conclusion does not taint the validity of the affidavit.'" *United States v. Colkley,* 899 F.2d 297, 301 (4th Cir. 1990) (quoting *United States v. Burnes*, 816 F.2d 1354, 1358 (9th Cir. 1987)). "*Franks* protects against omissions that are designed to mislead, or that are made in reckless disregard of whether they would mislead, the magistrate." *Id.* "'[M]ere[ ] negligen[ce] in . . . recording the facts relevant to a probable cause determination' is not enough." *Id.* (quoting *Franks*, 438 U.S. at 170).

To violate the constitution, the false statements or omissions must also be "material," that is, "necessary to the [neutral and disinterested magistrate's] finding of probable cause." *Franks*, 438 U.S. at 171–72. "To determine materiality, a court must excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause." *Miller*, 475 F.3d at 628. "If the 'corrected' warrant affidavit establishes probable cause, no civil liability lies against the officer." *Id.* In determining whether the affidavit with the omitted information would be supported by probable cause, the court applies the "totality of the circumstances" test. *See United States v. Sowards*, 690 F.3d 583, 588 (4th Cir. 2012); *Colkley*, 899 F.2d at 300. Under this test, "[p]robable cause exists if, given the totality of the circumstances, the officer 'had reasonably trustworthy information . . . sufficient to warrant a prudent [person] in believing that the [plaintiff] had committed or was committing an offense.'"

*Sowards*, 690 F.3d at 588 (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). "The substance of all the definitions of probable cause is a reasonable ground for belief of guilt. And this means much less than evidence which would justify condemnation or conviction . . . ." *Gary v. Floyd*, 582 F. Supp. 2d 741, 745 (D.S.C. 2007) (citing *Brinegar v. United States*, 338 U.S. 160 (1949)).

In essence, where an officer intentionally or recklessly misleads a magistrate in a material way, the shield of immunity is lost. *Id.*; *see also Golino*, 950 F.2d at 871. The issue of qualified immunity is ultimately a question of law[6] for this Court. *Id*; *Torchinsky v. Siwinski*, 942 F.2d 257, 260 (4th Cir. 1991). Here, upon a *de novo* review and even assuming that Defendants Owens and Harlow knowingly or recklessly made a false statement or omission,[7] the Court finds that in viewing

---

[6] As discussed more fully in Footnote 8, the question of probable cause, including whether alleged misrepresentations in an arrest warrant affidavit were material to a probable cause determination, is ultimately a question of law for this Court.

[7] In her R&R, the magistrate found that, based upon Plaintiff's allegations, the following information was known to Defendants Owens and Harlow and "may have negated" a finding of probable cause:

> (1) that the officers arrived at the scene in response to a black male, later identified as Pringle, swinging a baseball bat; (2) that Pringle was not at Plaintiff's residence to help a friend move, but instead came to Plaintiff's residence in response to a friend's telephone call for help; (3) that Pringle knocked on Plaintiff's door, armed with a baseball bat; and (4) that Pringle threw or swung the bat at Plaintiff prior to Plaintiff's striking him with the shovel.

[R&R, Doc. # 53, at 12.]

The Court notes that the arrest warrant affidavit does not contradict the information noted by the magistrate in her R&R. The affidavit merely states what Defendant Owens personally observed when the officers arrived on the scene, and relays the information Pringle gave the officers. [*See* Arrest Warrant, Doc. # 51-7, at 16.] According to the record, the information outlined by the magistrate related to the reason the officers were called to the scene or was offered by other witnesses. [*See* R&R, Doc. # 53, at 1–3 (citing various portions of the record).] Thus, the information can be best described as omissions of inconsistent witness accounts and background information. Although the omitted information may have in some

the record in a light most favorable to Plaintiff, a corrected warrant affidavit would have provided probable cause for the issuance of an arrest warrant.

## II.     Materiality of Omissions

If this Court[8] were to include in the affidavit the omitted statements identified by the

---

manner contradicted Pringle's own account, it did "not taint the validity of the affidavit" as Defendants Owens and Harlow were not required to "'list every conceivable conclusion . . . .'" *Colkley*, 899 F.2d at 301 (quoting *Burnes*, 816 F.2d at 1358).

Further, the record indicates that the officers accurately relayed their personal observations, and Plaintiff admits that the affidavit correctly indicates that Plaintiff struck Pringle with a shovel. [*See* Compl., Doc. # 1-1, at 4; Arrest Warrant, Doc. # 51-7, at 16.] It is questionable whether Plaintiff has even shown mere negligence in the officers' recording of the facts – and negligence alone is not enough to show recklessness. *Colkley*, 899 F.2d at 301 (quoting *Franks*, 438 U.S. at 170). Thus, even viewing the record in a light most favorable to Plaintiff, it could be argued that Plaintiff has not shown that the supposed omissions by Defendants Owens and Harlow were designed to mislead the issuing judge, or hide "facts [they] knew would negate probable cause." *Miller*, 475 F.3d at 627. Moreover, assuming a genuine dispute of fact existed as to whether Defendants Owens and Harlow recklessly omitted the information at issue, summary judgment would be appropriate because, as discussed herein, the omissions were not material to the probable cause determination.

[8]    The magistrate held that there was an issue of fact as to whether a "judge would have found probable cause existed to issue an arrest warrant for Plaintiff." [*See* R&R, Doc. # 53, at 13.] However, "[t]he question as to whether there was probable cause is a judicial question, for the court, and not for the jury." *Levee v. United States*, 29 F.2d 187, 188 (4th Cir. 1928). A case from a district court within the Fourth Circuit recently held that whether alleged misrepresentations in an arrest warrant affidavit were material to the probable cause determination was, similarly, a question of law. *Murphy v. Anne Arundel Cnty.*, No. MJG–12–1533, 2012 WL 5463021, at *6 n.7 (D. Md. Nov. 7, 2012). "There is authority in the Fourth Circuit supporting the proposition that the ultimate question of materiality in a Section 1983 dishonest warrant affidavit context is a question of law to be determined by the court, though questions of fact may exist as to the nature of the omitted information to be included in a 'cleansed' affidavit." *Id.* (citing *Smith*, 882 F. Supp. 497 at 500; *Bearnarth v. Montgomery Cnty.*, DKC–09–0501, 2011 WL 665325, at *7 (D. Md. Feb.14, 2011)); *see also Swick v. Wilde*, No. 1:10–cv–303, 2012 WL 3780350, at *12–13 (M.D.N.C. Aug. 31, 2012) (deciding the question of materiality as a matter of law, but finding that whether an officer made deliberate misrepresentations or recklessly disregarded the truth could potentially create a factual dispute for the jury). Some circuits, however, consider the existence of probable cause in the context of a Section 1983 claim to generally be a question of fact, though even in those circuits the issue can be decided as a matter of law in certain cases. *See Sherwood v. Mulvihill*,

magistrate, who viewed the allegations in a light most favorable to Plaintiff, the "corrected" warrant affidavit would provide (1) that officers responded to a 911 call claiming that Pringle was swinging a baseball bat; (2) that Pringle claimed he went to Plaintiff's residence to help a friend move, while at least one witness claimed he went to Plaintiff's residence in response to a friend's telephone call for help; (3) that according to Plaintiff and other witnesses Pringle knocked on Plaintiff's door with a baseball bat; (4) that Plaintiff and other witnesses claim Pringle threw or swung the baseball bat at Plaintiff; (5) that Pringle himself stated that Plaintiff became upset and attacked him with a shovel by striking him in the face; and (6) that when arriving on the scene officers observed Pringle covered in blood with several lacerations on his face.

Under such a "corrected" affidavit, probable cause would still have existed for the issuance of an arrest warrant. Thus, the omissions by Defendants Owens and Harlow were not "necessary to the [neutral and disinterested magistrate's] finding of probable cause." *Franks*, 438 U.S. at 171-72. Under South Carolina law, "[a] person commits the offense of assault and battery in the second degree if the person unlawfully injures another person, or offers or attempts to injure another person with the present ability to do so, and: (a) moderate bodily injury to another person results or moderate bodily injury to another person could have resulted . . . ." S.C. Code Ann. § 16-3-0600(D)(1)(a). Under the totality of the circumstances, Defendants Owens and Harlow had "reasonably trustworthy information" – namely their observations of Pringle coupled with his statements and statements from others that Plaintiff struck Pringle in the face with a shovel – that

---

113 F.3d 396, 401 (3d Cir.1997) (explaining in dishonest affidavit case that "[t]ypically, the existence of probable cause in a section 1983 action is a question of fact . . . . The district court may conclude in the appropriate case, however, *that probable cause did exist as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding*.") (emphasis added and internal citations omitted).

Plaintiff "unlawfully injure[d] another person." *See Gary*, 582 F. Supp. 2d at 745 (explaining that probable cause means "much less than evidence which would justify condemnation or conviction").

The Fourth Circuit has held that a plaintiff failed to show reckless disregard or materiality under similar circumstances. *See Bailey v. Town of Smithfield, Va.*, No. 93-1174, 1994 WL 67656, at *4–6 (4th Cir. March 4, 1994). In that case, the plaintiff alleged officers omitted material information from his arrest warrant affidavit for two robberies. *Id.* at *4. The plaintiff pointed to four omissions and errors: (1) the affidavit failed to mention that witnesses originally claimed the suspected robber was several inches taller than the plaintiff; (2) the affidavit mentioned that a tracking dog led police to the plaintiff's home, but it failed to mention that the area was occupied by several other homes; (3) the affidavit failed to mention that the only witness to both robberies affirmatively stated that different people committed the respective robberies; and (4) that one witness initially failed to identify the plaintiff as the robber. *Id.*

The Fourth Circuit examined these omissions and ruled as follows:

> Even considering the cumulative effect of the omitted facts – height discrepancy, the exact location where the tracking dog lost the scent, [the witness's] statement that the two robbers were different, and [one witness's] initial tentative identification of [the plaintiff] – we cannot conclude that their inclusion would negate probable cause for the arrest for the . . . robbery. Probable cause for the warrants was readily established by [a witness's] positive identification of [the plaintiff] and by the dog's tracking the robber's scent to [the plaintiff's] trailer park. In short, we conclude that [the plaintiff] failed to meet the *heavy burden* required to circumvent the process normally designed to assure the proper issuance of warrants. Such efforts must be scrutinized closely .
> . . .

*Id.* at *6 (emphasis added). Here, the supposed omissions in the affidavit were far less substantial than those in *Bailey*. Further, like the officers at issue in *Bailey*, Defendants Owens and Harlow had probable cause because they personally observed Pringle's injuries and spoke with witnesses who had observed Plaintiff strike Pringle in the face with a shovel. Defendants Owens and Harlow are

10

therefore entitled to summary judgment as to Plaintiff's constitutional "false arrest" claim.

## Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of the objections and rejects the R&R in part, and adopts the R&R as modified herein. Specifically, the Court rejects and overrules the magistrate's R&R as to Plaintiff's constitutional "false arrest" claim, and adopts the magistrate's R&R as to Plaintiff's remaining claims.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 36] is **GRANTED**, and this case is **DISMISSED**, *with prejudice*, in its entirety.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 25, 2013